1
2
3
4
5
6
7
8
9
10         UNITED STATES DISTRICT COURT
11         SOUTHERN DISTRICT OF CALIFORNIA
12

| ROBERT AND ROSANNA MANALANSAN, | CASE NO. 10-CV-110W (RBB) |
|---|---|
| Plaintiff, | **ORDER:** |
| | **(1) GRANTING UNOPPOSED MOTION TO DISMISS (Doc. No. 14)** |
| vs. | **(2) GRANTING UNOPPOSED MOTION TO STRIKE (Doc. No. 13)** |
| | **(3) GRANTING UNOPPOSED MOTION TO DISMISS (Doc. No. 19)** |
| MORTGAGE IT, INC., et al., | **(4) GRANTING UNOPPOSED MOTION TO DISMISS (Doc. No. 22)** |
| Defendants. | **(5) DENYING MOTION TO EXPUNGE LIS PENDENS (Doc. No. 20)** |

10cv110

On March 17, 2010, Defendant MortgageIT, Inc. ("MortgageIT") moved to dismiss and strike Plaintiffs Robert and Rosanna Manalansan's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f).  On March 23, 2010, Defendants OneWest Bank ("OneWest") and Mortgage Electronic Registration Systems, Inc. ("MERS") moved to dismiss Plaintiffs FAC pursuant to 12(b)(6) and moved to expunge an existing *lis pendens*.  On March 24, 2010, Defendant J.P. Morgan Chase Bank ("Chase") moved to dismiss Plaintiffs FAC pursuant to 12(b)(6).  Plaintiffs have not filed an opposition to any of the pending motions.

The Court decides the matter on the papers submitted and without oral argument.  See S.D. Cal. Civ. R. 7.1(d.1)  And for the reasons stated below, the Court **GRANTS** Defendants' motions to dismiss and strike.  (Doc. No. 13, 14, 19, 22.)  The Court also **DENIES** the motion to expunge the *lis pendens*.  (Doc. No. 20.)

## I.    BACKGROUND

Plaintiffs are the current title holder of a single family residence located at 646 Carefree Drive, San Diego, California 92114. (the "Property")  Defendants are a collection of financial institutions that have been, or are currently, involved with the mortgage on the Property.

On or about November 1, 2005, Plaintiffs refinanced their second mortgage on the Property by obtaining a new second mortgage from Chase. (Doc. No. 1 at ¶ 10.)  On December 12, 2006, Plaintiffs refinanced their original mortgage by obtaining a new first mortgage from MortgageIT. (Doc. No. 1 at ¶ 11.)  In mid 2009, Plaintiffs began having difficulty making payments on both of their mortgages, and on October 21, 2009, Defendants recorded a "Notice of Default" on the Property. (Doc. No. 1 at ¶ 25.)

On January 1, 2010, Plaintiffs, proceeding pro se, filed the current lawsuit.  On March 10, 2010, Plaintiffs filed their First Amended Complaint asserting thirteen claims against the Defendants, including (1) Fraudulent Misrepresentation; (2) Breach of Fiduciary Duty; (3) Breach of Covenant of Good Faith and Fair Dealing; (4)

Declaratory Relief; (5) Quiet Title; (6) Violation of California Financial Code § 4970; (7) Negligence; (8) Accounting; (9) Violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601; (10) Violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601; (11) Violation of Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; (12) Violation of California Business and Professions Code § 17200; and (13) Violation of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

On March 17, 2010, MortgageIT moved to dismiss and strike the FAC.  On March 23, 2010, OneWest and MERS moved to dismiss the FAC and also moved to expunge the *lis pendens*.  On March 24, 2010, Chase also moved to dismiss the FAC. Plaintiff's oppositions to all of Defendants' motions were due June 7, 2010. See S.D. Cal. Civ. R. 7.1(e.2)  On June 10, 2010, MortgageIT filed their Reply, which noted Plaintiffs' failure to oppose. (Doc. No. 24.)  To date, Plaintiffs have not filed an opposition to any of the pending motions.

## II.   LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  A 12(b)(6) motion tests a complaint's legal sufficiency.  See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Thus, dismissal is proper only where the plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  See id.  "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed . . . whether it is based on an outlandish legal theory or a close but ultimately unavailing one." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989) (citations omitted). Thus, a court should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Finally, a court must accept the

complaint's allegations as true and construe the complaint in the light most favorable to the plaintiff.  See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

## III.   DISCUSSION

A.   **The Motions to Dismiss and the Motion to Strike**

The Court grants Defendants' motions based upon Plaintiffs' failure to file an opposition as required by Civil Local Rule 7.1.  The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion to dismiss for failure to respond.  See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond); accord Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003) (affirming Ghazali's applicability to Rule 12(b) motions).

Moreover, Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court."  Here, Plaintiffs has failed to oppose or to request an extension of time in which to do so. Relying on Civil Local Rule 7.1(f.3.c), the Court interprets Plaintiffs' failure to oppose Defendants' motion to dismiss as a consent to its merits.

As mentioned above, Plaintiffs have already amended their complaint once as a matter of right.  Plaintiffs have failed to oppose Defendants' motions filed in response to their First Amended Complaint, nor have they requested any additional time in which to do so.  Because Plaintiffs have previously exercised their right to amend, and by failing to respond have failed to argue for further leave to amend, the Court does not find grounds on which to grant the Plaintiffs an opportunity to file a Second Amended Complaint.

Accordingly, the Court **GRANTS** Defendants' motions to dismiss and motion to strike **WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**.  This Order dismisses all of the remaining Defendants and closes this case in its entirety.[1]

B.     **The Motions to Expunge and Request for Attorney's Fees**

Defendants OneWest and MERS have moved to expunge a *lis pendens*, but have not provided a copy of the Notice of Pendency nor have they provided its document number.  Therefore, based on the insufficiency of their pleadings, the Court **DENIES** their motion **WITHOUT PREJUDICE**.

In light of the foregoing, the request for attorney's fees associated with the expungement is also **DENIED**.  Should OneWest and MERS decide to amend and re-file their request, they may do so on an *ex parte* basis.

IV.   **CONCLUSION**

In light of the foregoing, the Court:

1.     **GRANTS** all of the unopposed motions to dismiss **WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**. (Doc Nos. 14, 19, 22.)

2.     **GRANTS** the unopposed motion to strike. (Doc. No. 13.)

3.     **DENIES** the motion to Expunge Notice of Pendency of Action **WITHOUT PREJUDICE**. (Doc. No. 20.)

**IT IS SO ORDERED**

DATED:  July 2, 2010

_____
Hon. Thomas J. Whelan
United States District Judge

---

[1] Defendant Quality Loan Service Corporation was previously excused from participating in this lawsuit after filing an unopposed Declaration of Nonmonetary Status. (See Doc. No. 4.)

10cv110